# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY ELIZABETH JORDAN FLICKINGER, individually and as Parent and Natural Guardian of D.J.F., a minor, and J.B.F., a minor, et al, | NO. 3:10-CV-0223 |
| Plaintiffs, | (JUDGE CAPUTO) |
| v. | |
| TOYS "R" US, INC, et al., | |
| Defendants. | |

## MEMORANDUM ORDER

Presently before the Court is the Complaint of Plaintiffs Mary Elizabeth Jordan Flickinger and James Bradley Flickinger. (Doc. 1.) Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999).

Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of

the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3) (a court must dismiss an action if it lacks subject matter jurisdiction).

Section 1332(c)(1) requires that a corporation's citizenship be alleged by stating the company's state of incorporation and its principal place of business. Recently, the Third Circuit Court of Appeals joined its sister circuits "in holding that the citizenship of an LLC is determined by the citizenship of each of its members." *Zambelli Fireworks Mfg Co. v. Wood*, No. 09-1526, 2010 U.S. App. LEXIS 955, at *14 (3d Cir. Jan. 15, 2010). Thus, for the purposes of diversity jurisdiction, LLC's should be treated as a partnership. *Id*. at *17-18.

Plaintiffs have failed to properly allege the citizenship of several defendants. Defendants Toys "R" Us International, LLC, and Toys "R" Us Europe, LLC, are alleged to be Delaware limited liability companies. However, Plaintiff only lists these defendants' addresses for service of process. As noted above, each of the LLC's members must be identified to determine the citizenship of such an entity. Plaintiffs have failed to meet this threshold, and therefore have not properly alleged the citizenship of the LLC Defendants.

Also, Plaintiffs names as defendants Toys "R" Us Children's Fund, Inc. and Toys "R" Us- Value, Inc. However, the Complaint does not name either of these Defendant's principal place of business. Instead, Plaintiffs only allege the states in which these corporate defendants are registered to do business and their addresses for service of process. This is not the proper manner to allege the citizenship of corporate defendants.

Because Plaintiff fails to allege facts regarding the citizenship of its members, the Court cannot determine complete diversity of citizenship exists and thus cannot exercise jurisdiction. Accordingly, the Court will dismiss without prejudice the Complaint for lack of

subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**NOW**, this 2nd day of February, 2010, **IT IS HEREBY ORDERED THAT** Plaintiff's Complaint is **DISMISSED without prejudice**. The Clerk of the Court shall mark this case **CLOSED.**

     /s/ A. Richard Caputo  
     A. Richard Caputo  
     United States District Judge